UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND PARK PRESBYTERIAN CHURCH INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:13-CV-3813-B |
| GRACE PRESBYTERY, INC., | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiff Highland Park Presbyterian Church, Inc.'s Motion to Remand (doc. 7), filed September 20, 2013. After considering the Motion and the related briefing, the Court **GRANTS** the Motion and **REMANDS** this case to the 298th Judicial District Court of Dallas, County, Texas.

## I.

## SUMMARY

Plaintiff, Highland Park Presbyterian Church ("HPPC") is a local congregation of the Presbyterian Church of the United States of America (PCUSA). Doc. 1, App. Ex. C ¶ 8. It was formed in 1926 and has been a congregation of the PCUSA or its predecessor entity, the PCUS, since its creation. Doc. 25, Def.'s Resp. 5. HPPC is a Texas nonprofit corporation, first incorporated in 1928 and domiciled in Dallas County. Doc. 1, App. Ex. C ¶ 8. HPPC owns real property that is valued at or near $30,000,000 in Dallas County and is listed as the sole owner of this property on the deeds. Proper title to this property is the subject of this suit. *Id.* at ¶¶ 18-19.

Defendant Grace Presbytery, is the administrative unit of the PCUSA that oversees over 165 congregations in Texas. *Id.* at ¶ 7. Grace Presbytery, and, by extension, the PCUSA, claims that HPPC's property is held in trust for the use and benefit of the PCUSA according to provisions of PCUSA's constitution, the Book of Order. *See* Doc. 25, Def.'s Resp. 6-8. It also claims that a letter from HPPC in 1984 expressly subjected HPPC to the PCUSA's constitution and created an express trust. *Id.* at 6. HPPC contends that it intended to exercise an exemption from the church's constitution and retain the property for itself. Doc. 1, App. Ex. C ¶¶ 30-31. It also claims that under Texas law, PCUSA's alleged trust is either invalid or revocable. *Id.* at ¶¶ 46-53.

HPPC filed its Original Petition and Application for Injunctive Relief ("Petition") on September 10, 2013, in the 298th Judicial District Court of Dallas County, seeking declaratory relief that it owned title to its real property and a temporary restraining order and injunction preventing Grace Presbytery from taking any action to assert ownership over its real property or disciplining HPPC's local leaders. Doc. 1, Not. of Removal 1. That same day, the state court granted a TRO. Doc. 7, Mtn. Remand 1-2. Grace Presbytery removed the case to this Court on September 19, 2013, alleging federal question jurisdiction. On September 24, 2013, this Court extended the TRO to October 7, 2013. Doc. 20. On September 20, 2013, HPPC filed a Motion to Remand with this Court challenging this Court's federal question jurisdiction under the United States Constitution. Doc. 7. On October 7, 2013, this Court held a hearing on the Motion to Remand in which it determined that it lacked subject matter jurisdiction over the action and, consequently, that the case had to be remanded to state court. The relevant legal standards follow.

## II.

## LEGAL STANDARD

The removing party has the burden of proof on a motion to remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The court looks to the complaint and summary judgment-type evidence, as necessary, when deciding a motion to remand. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (looking to "summary judgment-type evidence to ascertain amount in controversy on remand).

The well-pleaded complaint rule generally establishes that federal question jurisdiction is determined from what a plaintiff necessarily pleads in his complaint. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). This means that a federal court normally does not have original jurisdiction over a complaint that alleges a purely state law cause of action, even when that complaint preemptively attempts to rebut a federal defense that the defendant will raise. *Id.* at 10. Even when it does not make an express federal claim, however, a complaint will support federal jurisdiction "when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001); *see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that a court must determine if the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.").

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Martin v. Wilkes-*

- 3 -

*Barre Pub. Co.*, 567 F. Supp. 304, 308 (M.D. Pa. 1983) (holding that federal question jurisdiction could not be maintained over a First Amendment claim against a private employer) (citing *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). In determining substantiality, a court must ask "whether there is any legal substance to the position the plaintiff is presenting." *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 342 (5th Cir. 1977).

### III.

### ANALYSIS

HPPC argues that its Petition does not state an express claim under the U.S. Constitution or federal laws. Doc. 8, Pl.'s Br. 7. It maintains that any references that it makes in its pleadings to the U.S. Constitution are merely an expression of the state court's limitations, informing a court of the parameters in which it may grant an injunction under the circumstances of this case. *Id.* at 8, 11-13. HPPC further posits that even if it did base its claim for injunctive relief in state court on the First and Fourteenth Amendments to the Constitution, it alleged no state action, a jurisdictional requirement for federal question claims based on alleged constitutional violations under the circumstances presented in this case. *Id.* at 9; Doc. 39, Pl.'s Reply 10-11.

Grace Presbytery counters that, despite its contention that all references in its pleadings to constitutional violations were expressions of limitations on the state court's authority, HPPC expressly relied on the Constitution in its Petition and therefore its claims fall under federal question jurisdiction. Doc. 25, Def.'s Resp. 8-11.

A review of HPPC's pleadings and the relevant authority indicates that, even assuming HPPC did rely upon the First and Fourteenth Amendments to the Constitution in its Petition, these allegations fail as federal question claims because no state action is alleged by HPPC. *See Martin*, 567

F. Supp. at 308; *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) ("[I]t is fundamental that the First Amendment prohibits *governmental* infringement on the right of free speech. Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the *states*, not to acts of private persons or entities.") (emphasis added)); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982) ("most rights secured by the Constitution are protected only against infringement by governments."). HPPC merely alleges that other presbyteries of the PCUSA have engaged in unlawful activities in other states, but it provides no examples of the involvement of the state government or a state actor of some sort. Grace Presbytery seems to concede that HPPC's constitutional claims are not valid, but argues that they are still sufficient to create subject-matter jurisdiction because HCCP has relied and continually relies upon them. Doc. 25, Def.'s Resp. 13. That HCCP has and does rely on the claims does not make them any more meritorious. This Court must determine its subject-matter as a threshold matter, and without a state actor, HPPC's claims cannot sustain federal question jurisdiction.

Grace Presbytery also argues that the Court has federal question jurisdiction because HPPC's claims turn on a substantial federal issue under *Howery.* 243 F.3d at 917; Doc. 25, Def.'s Resp. 16. Specifically, it argues that HPPC's Petition necessarily raises questions about placing civil restraints on a church's internal governance in violation of the First Amendment and Supreme Court precedent. *Id.* at 17. HPPC responds that its Petition does not necessarily raise a substantial federal issue, and that neutral principles of state law will determine the outcome of this case without raising any First Amendment issues. Doc. 39, Pl.'s Reply 12. The Court agrees with HPPC.

There are no indications in the complaint nor in any of the subsequent filings with this Court, that this case will necessarily raise a federal issue. *Grable*, 545 U.S. at 314. Even though Grace

Presbytery maintains that the PCUSA constitution effectively decides the property issues in this case, and that any court decision on the matter would therefore unconstitutionally impose on church governance, the PCUSA constitution only asserts the existence of a trust and a right to control local church property. Doc. 25, Def.'s Resp. 7. A court may consider a national denomination's constitution in addition to deeds, church charters, state statutes, and other relevant documents when deciding a church property dispute without violating the First Amendment. *Jones v. Wolf*, 443 U.S. 595, 603 (1979).

At the hearing, Grace Presbytery also argued that because the proposed language for the requested injunction in HPPC's state court Petition calls for an overly broad, unconstitutional exercise of the state court's authority, this Court has federal question jurisdiction. The Court is not persuaded. If anything, Grace Presbytery's argument in this regard speaks to a potential as opposed to an actual unconstitutional exercise of authority. That the Constitution *may* potentially be violated as a case proceeds forward does not automatically vest this Court with jurisdiction over a matter.

HPPC also requests costs and expenses under 28 U.S.C. § 1447(c) for wasteful removal. The Court finds that Grace Presbytery had an objectively reasonable basis for seeking removal, however, and therefore rejects this request. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

## III.

## CONCLUSION

For the foregoing reasons, HPPC's Motion to Remand is **GRANTED**. HPPC's request for attorney's fees under 28 U.S.C. § 1447(c) is **DENIED**. In light of the remand ordered here, Grace Presbytery's Motion to Strike (doc. 35) is hereby **MOOTED**.

SO ORDERED.

SIGNED: October 7, 2013.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE